Harris, Harris & Sedberry, of San Angelo, for plaintiffs in error.

Upton & Upton, of San Angelo, for defendant in error.

PER CURIAM.

This cause is before us on application for writ of error from the Court of Civil Appeals of the Third District at Austin. The issues involved are fully stated in the opinion of that court.

It appears that the district court of Tom Green county, Tex., rendered a judgment to the effect that C. A. Duncan recover of and from Mrs. Clara Robertson the title and possession of lots 5 and 6 and the east 39 feet of lot 4, all in Fort Concho addition to the city of San Angelo, in Tom Green county, Tex. The judgment also awarded Duncan a recovery against Mrs. Robertson in the sum of $355 for rent on the above three lots as a whole for the time stated in the judgment. Mrs. Duncan appealed to the Court of Civil Appeals and that court rendered judgment as follows: " * * * It is therefore considered, adjudged and ordered that the judgment of the trial court in so far as the same awards to appellee the title and possession of Lots 4 and 5, be, and is hereby in all things affirmed, and that the judgment in so far as the same awards to appellee the title and possession of Lot 6, be, and is hereby reversed and the cause remanded to the trial court for further proceedings in accordance with the opinion of this Court; that the appellee, C. A. Duncan, pay all costs in this behalf expended, and this decision, with a copy of the opinion herein delivered, be certified below for observance."

Mrs. Robertson has attempted to prosecute writ of error to this court from the above judgment.

A reading of the judgment of the Court of Civil Appeals shows that it fails to dispose in any way of that part of the judgment of the district court awarding Duncan a money recovery against Mrs. Robertson for $355. It is therefore not a final judgment. This court cannot review by writ of error a judgment of the court of Civil Appeals unless it is a final one. Article 1739, R. C. S. of Texas 1925.

The application for writ of error is dismissed, and the record ordered returned to the Court of Civil Appeals in order that it may render a final judgment.

## Ex parte MALONE.
### Motion No. 11562.

Supreme Court of Texas.

Oct. 26, 1934.

Taylor & Irwin, of Dallas, for relator.

CURETON, Chief Justice.

The court having considered the petition for writ of habeas corpus to which this order is attached, has concluded that it is not able to say that the judgment of the Court of Civil Appeals punishing the relator for contempt is void, and, accordingly, it is its duty to decline to issue the writ of habeas corpus prayed for.